HORTON, J.,
specially concurring.
I join in the result reached by the Court. Although I do not disagree with the Court’s analysis, I get to the same destination by a shorter route. The central issue presented by this appeal is the validity of the pre-2012 version of the Tax Commission’s rule regarding gratuities, specifically IDAPA 35.01.02.043.04(c). The rule was effective from 1989 until the Tax Commission amended it in response to the 2011 amendment of Idaho Code section 63-3613—a time frame that covers the entirety of the Audit Period.
In 1996, the Idaho Legislature enacted Idaho Code section 63-105, which provides in pertinent part:
63-105. Powers and duties—General. In addition to all other powers and duties vested in it, the state tax commission shall have the power and duty:
[[Image here]]
(2) To make, adopt and publish such rules as it may deem necessary and desirable to carry out the powers and duties imposed upon it by law, provided however, that all rules adopted by the state tax commission prior to the effective date of this 1996 amendatory act shall remain in full force and effect until such time as they may be rescinded or revised by the commission.
1996 Idaho Sess. L. ch. 98, § 2, pp. 311-12 (emphasis added). Idaho Code section 63-105 took effect on January 1, 1997, prior to the Audit Period in question. Id., § 21, p. 401.
The Commission argues that the statute constituted legislative “approval” of the Commission’s rules. This careful phraseology is no doubt intended to recognize the distinction between the Executive’s rulemaking powers and the Legislature’s authority to approve or reject an administrative rule. This Court first explicitly recognized this legislative authority in Mead v. Arnell, 117 Idaho 660, 791 P.2d 410 (1990), and the people of this State enshrined this power in our Constitution in 2016 with their approval of Article III, § 29. I think that the Commission’s distinction is too fine. Although the rule went through the legislative review process now addressed by Idaho Code section 67-5291, *458 Idaho Code section 63-105(2) was not enacted by way of a concurrent resolution; rather, Idaho Code section 63-105(2) was the product of the Legislature passing HB 783 and the Governor approving that bill by his signature. In short, the declaration that the then-existing Commission rules, including IDAPA 35.01.02.043.04(c), were “in full force and effect” was a matter of duly-enacted legislation.
Significantly, at least to me, Chandlers’ briefing simply ignores the Commission’s arguments based upon Idaho Code section 63-105(2). In light of Chandlers’ otherwise-thorough briefing, I do not think that Chandlers’ silence is the product of oversight; rather, I believe it represents an implicit recognition that IDAPA 35.01.02.043.04(c), as it existed during the relevant time, was valid and effective by operation of statute.
Justice EISMANN concurs.